**Narain C. SCOTT, et al., Plaintiffs,**

v.

**AETNA SERVICES, INC., Defendant.**

**Civ.A. No. 3:99 CV 46(CFD).**

United States District Court,
D. Connecticut.

Oct. 3, 2002.

Michael Greene, Pollack & Green, New York City, William G. Madsen, Craig Thomas Dickinson, Madsen & Prestley, Richard E. Hayber, LLC, Hartford, CT, Armand Derfner, Charleston, SC, Richard Eugene Hayber, for plaintiffs.

Patrick W. Shea, Mary C. Dollarhide, Neil B. Stekloff, Adam S. Bozek, Yolanda Seals–Coffield, Paul, Hastings, Janofsky & Walker, Stamford, CT, for defendant.

### SUBSTITUTED RULING ON PENDING MOTIONS [1]

DRONEY, District Judge.

### I. Background

The plaintiffs, Narain C. Scott, Christopher B. Sura, and Franz X. Buhagiar, and the class of individuals on whose behalf the plaintiffs seek to bring their claims, are employed by Aetna Services Inc. as "Systems Engineers" with "job codes" 504*14 and 504*16. Aetna classifies Systems Engineers with such job codes as exempt from the overtime pay requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen.Stat. §§ 31–58, et seq. ("CMWA"), and thus, does not pay those employees overtime compensation.[2] The plaintiffs allege that such classification is incorrect because "Systems Engineers" with "job codes" 504*14 and 504*16 are not "executive, administrative, or professional" employees as contemplated by the FLSA and CMWA. Accordingly, they claim that Aetna wrongfully failed to pay them overtime compensation required by the FLSA and CMWA. They seek compensatory and punitive damages, liquidated damages, costs and attorneys' fees, and other equitable relief.

On December 1, 1999, the plaintiffs filed a motion to certify their FLSA class claim in Count One. The Court referred the motion to U.S. Magistrate Judge William I. Garfinkel for a recommended ruling. On February 18, 2000, Judge Garfinkel issued a recommended ruling granting the named plaintiffs' motion to certify this case as a collective action under the FLSA. This Court approved the recommended ruling in its entirety, absent any objection, and certified an " 'FLSA class' comprised of all past and present individuals who worked for Aetna as Systems Engineers from January 1996 through January 1999" who not been paid overtime compensation. The Court set a forty-five day period in which potential class members were required to "opt-in" to the FLSA class. Twenty-seven Systems Engineers opted into the FLSA class. Five have withdrawn, leaving twenty-two plaintiffs in the FLSA class.

Thereafter, Aetna moved to limit the scope of the plaintiffs' class claim for violation of state labor law (the claim that is the subject of the instant class certification motion) to

---

1. This ruling replaces the Court's Ruling on Pending Motions dated September 18, 2002.

2. Sections 6 and 7 of the Fair Labor Standards Act ("FLSA") guarantee certain employees a minimum wage and overtime pay. See 29 U.S.C. §§ 206, 207. Section 13(a)(8) of the FLSA, however, exempts "bona fide executive, administrative, or professional" employees from the overtime pay requirements. 29 U.S.C. § 213(a)(1); see also 29 C.F.R. § 541.1 (exempting "executive" employees); 29 C.F.R. § 541.2 (exempting certain "administrative" employees); 29 C.F.R. § 541.303 (exemption employees in certain "computer-related" positions). Connecticut's wage and hour law, the Connecticut Minimum Wage Act ("CMWA"), provides wage and overtime guarantees similar to the FLSA and also exempts certain employees from its requirements. See Conn. Gen.Stat. §§ 31–58, et seq.

include only those individuals who opted into the FLSA class.[3] On September 13, 2001, the Court denied Aetna's motion and found that it was appropriate to exercise supplemental jurisdiction over the potential members of the Rule 23 class who did not opt into the FLSA class, because their claims "arise from the same employment relationship between the Systems Engineers and Aetna that gives rise to the federal law claims of the FLSA class."

The plaintiffs' instant motion [Doc. # 129] seeks an order pursuant to Fed.R.Civ.P. 23 certifying the plaintiffs' class claim for violation of state labor law. The proposed class is: "all past and present individuals who worked for Defendant Aetna as Systems Engineers from January, 1996 through January, 1999 who were underpaid regular and overtime compensation in violation of the CMWA." Pls.' Mtn. Class. Cert. at 1. Aetna opposes that motion and has also filed a motion for de-certification of the FLSA collective action and to dismiss the claims of the "opt-in" plaintiffs [Docs.## 146–1, 146–2], on the basis that variance among the actual job duties of Systems Engineers precludes this case from being tried as a class action.

## II. Motion for De–Certification of FLSA Class Action and to Dismiss the Claims of the "Opt–In" Plaintiffs

█ Courts utilize a two-step approach to certifying collective actions under the FLSA. *See, e.g., Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213–14 (5th Cir.1995); *Schwed v. General Electric Co.*, 159 F.R.D. 373, 375 (N.D.N.Y.1995); *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J.1988). In the first phase of an FLSA collective action inquiry, a court examines the pleadings and affidavits of the proposed class action and determines whether the proposed class members are "similarly situated."[4] *See Mooney*, 54 F.3d at 1213–14. If a court finds that the proposed class members are "similarly situated," the court "conditionally certifies" the class. *See id.* Puta-

tive class members are given notice and the opportunity to "opt-in" and the action proceeds as a representative action throughout discovery. *See id.* In the instant case, the Court has already determined that the plaintiffs may proceed as an FLSA collective action for notice and discovery purposes.

The second phase of an FLSA collective action inquiry occurs after discovery is largely complete and "is typically precipitated by a motion for 'decertification' by the defendant." *Id.* at 1214. At this stage, the court makes a factual finding on the "similarly situated" issue, based on the record produced through discovery. *See id.* If the court finds that the claimants are "similarly situated," the representative action may proceed to trial. If the claimants are not similarly situated, the court decertifies the class, and the "opt-in" plaintiffs are dismissed without prejudice. *See id.* The class representatives then proceed to trial on their individual claims. *See id.*

Accordingly, before this case can be permitted to continue as an FLSA collective action pursuant to 29 U.S.C. § 216(b), the named plaintiffs must demonstrate, with appropriate evidence, that they are "similarly situated" to the "opt-in" plaintiffs. Aetna argues that the plaintiffs have failed to make such an evidentiary showing. Aetna argues that evidence regarding the diversity among the job duties of the plaintiffs precludes a finding of "similar situation" because the manner in which each Systems Engineer spends his or her time at work and "on-call" varies and cannot be determined through generalized proof. Accordingly, Aetna maintains, the FLSA collective action should be de-certified and the claims of the "opt-in" plaintiffs should be dismissed.

The determination of whether an employee is properly exempt from the overtime compensation requirements of the FLSA is "necessarily fact intensive" and "turn[s] on a careful factual analysis of the full range of

---

3. The state labor law class is hereinafter referred to as the "Rule 23 class."

4. In this phase, a court employs a fairly lenient evidentiary standard. *See Mooney*, 54 F.3d at 1213 ("At the notice stage, courts appear to

require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.") (internal quotation marks omitted).

the employee's job duties and responsibilities." *Cooke v. General Dynamics Corp.*, 993 F.Supp. 56, 59–61 (D.Conn.1997). In *Morisky v. Public Service Electric and Gas Company*, 111 F.Supp.2d 493 (D.N.J.2000), noting that the exemption inquiry is highly individualized and fact-specific, the court held that it was inappropriate to hear the plaintiffs' FLSA and New Jersey hour and wage law claims in a class action because the proposed class members held "a wide variety of positions and perform a wide variety of job duties." *Id.* at 498. The District of Connecticut recently declined to certify an FLSA class action for the same reasons. *See Dean v. Priceline.com, Inc.*, No. 3:00CV1273 (DJS) (slip. op. D. Conn. June 5, 2001).

However, several courts have held that it is appropriate to bring an FLSA exemption claim as a class action with regard to employees who perform similar, but not identical, duties, notwithstanding the highly fact-specific nature of the exemption inquiry. *See Kelley v. SBC*, No. 97–CV–2729 CW, 1998 WL 928302 (N.D.Cal.1998) (finding sufficient commonality among employees with different job functions to support class certification); *Moss v. Crawford & Co.*, 201 F.R.D. 398 (W.D.Pa.2000) (holding that differences among class members' job duties, geographic assignments, and hourly billing rates did not warrant de-certification); *Gregory v. Home Depot U.S.A., Inc.*, 3:01CV372(AWT) (slip op. D. Conn. July 3, 2001) (holding that "although there are differences among the situations of the members of the proposed class," the defendant's failure to pay overtime "is common to all of the members of the proposed class and dominates each of their claims") (alteration in original) (internal quotations omitted).

Here, the plaintiffs have established that their claims may be supported by generalized proof. The record evidence suggests that the actual job duties of the plaintiffs are quite similar. Each "Systems Engineer" with the 504*14 and 504*16 job codes, "install[s], implement[s], and support[s] large scale and mid-range technologies (hardware/software) that enable[s] Aetna to meet its internal computer service requirements." Scott Aff. at ¶ 9; *see also* McQueeney Dep. at 158–60. Several potential class members have testified that the work performed by Aetna's Systems Engineers concerned, in general terms, "specific computer platforms that support the electronic services provided to its customers." Pls. Sur–Reply at 6. As well, Aetna classifies the employment of the plaintiffs in a single job category, i.e., "Systems Engineer," lists the job duties of the Systems Engineers in one document—the "Matrix"—and applies a blanket overtime exemption policy to such engineers. Accordingly, the job duties of the Systems Engineers may be established by generalized proof for purposes of the FLSA and CMWA analyses. In that regard, this case is distinguishable from *Morisky*, where the proposed class of plaintiffs included a range of administrative, supervisory, and technical employees, *id.* at 494, and the similarity between the plaintiffs lay primarily in their "salary grades." The case is also different from *Dean*, where the only similarity between the plaintiffs was that they were denied overtime pay.

As well, though Aetna correctly notes that the deposition testimony of the named plaintiffs and proposed class members indicates that each Systems Engineer spends his or her time on somewhat different specific assignments, this does not refute the conclusion that job duties of the plaintiffs and "opt-in" plaintiffs are of the same type. The "exemption" analysis does not require a more narrow inquiry into the job duties of an employee.

In sum, class certification is appropriate in this case as the record evidence indicates that the named and "opt-in" plaintiffs are "similarly situated." Accordingly, the defendant's motion for de-certification of the FLSA class and to dismiss the claims of the "opt-in" plaintiffs [Docs.## 146–1, 146–2] is DENIED.

The Court will now consider whether the plaintiffs may bring their state labor law claims in a class action.

### III. Motion for Certification of the "Rule 23 Class"

#### A. Class Certification Standard

Under Rule 23, there is a two-part inquiry for class certification. First, a court must

determine whether the plaintiff satisfies the four requirements of section (a), which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a); *see also General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 155–56, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Marisol A. v. Giuliani,* 126 F.3d 372, 375–78 (2d Cir.1997) (per curiam). Second, the Court must determine whether the plaintiffs have satisfied one of the prongs of section (b). Here, the plaintiffs argue that a class is maintainable under section (b)(3) of Rule 23, which provides, in relevant part:

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> . . . .
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

Fed.R.Civ.P. 23(b)(3).

In applying Rule 23, a court is to use a liberal, not restrictive, interpretation. *See Civic Ass'n of the Deaf of New York City, Inc. v. Giuliani,* 915 F.Supp. 622, 632 (S.D.N.Y.1996). However, a court still must employ a "rigorous analysis" to ensure that the requirements of the Rule are satisfied. *General Tel. Co.,* 457 U.S. at 161, 102 S.Ct.

2364; *Sheehan v. Purolator, Inc.,* 839 F.2d 99, 103 (2d Cir.1988); *Civic Ass'n of the Deaf,* 915 F.Supp. at 632. Further, a court is to determine whether an action shall be maintained as a class action based on the allegations of the complaint, which are accepted as true. *See Shelter Realty Corp. v. Allied Maint. Corp.,* 574 F.2d 656, 661 n. 15 (2d Cir.1978); *Civic Ass'n of the Deaf,* 915 F.Supp. at 632. It may not consider the ultimate validity of the plaintiff's claim. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Still, a court may consider certain material in addition to the pleadings in determining whether class certification is appropriate.[5] *See Reynolds v. Giuliani,* 118 F.Supp.2d 352, 388 (S.D.N.Y.2000).

### 1. Numerosity

■ To satisfy the numerosity requirement, plaintiffs need not prove the exact number of proposed class members as long as they can reasonably estimate the size of the class. *See Garfinkel v. Memory Metals, Inc.,* 695 F.Supp. 1397, 1401 (D.Conn.1988) (quoting *Deary v. Guardian Loan Co., Inc.,* 534 F.Supp. 1178, 1190 (S.D.N.Y.1982)). The plaintiffs assert that there are 281 individuals who comprise the Rule 23 class. As well, the plaintiffs maintain, the presumption of numerosity stands because joinder of all members of the class is impracticable because: (1) the class includes current employees of Aetna who fear reprisal, (2) judicial economy is advanced by trying a single lawsuit rather than 281 lawsuits, and (3) this type of litigation is prohibitively expensive for individuals against a defendant such Aetna which has considerable financial resources at its disposal.

As to the numerosity requirement, Aetna argues that the Rule 23 class will consist only of the twenty-two individuals who opted-into the FLSA class action, because all 281 Systems Engineers with job codes that qualify them to join this lawsuit were individually

---

**5.** A court is to determine whether a class may be maintained as soon as is practicable. *See* Fed. R.Civ.P. 23(c)(1). However, "a district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of numerosity, typicality, commonality of

question, and adequacy of representation have been met." *Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 571 (2d Cir.1982). For instance, a court may allow discovery and conduct hearings to determine whether the requirements of Rule 23 are satisfied. *See id.*

identified, received individualized notice of this lawsuit, and were invited to join this lawsuit if they so chose. Thus, Aetna argues, any Systems Engineer who desires to participate in this litigation has joined, and joinder of the twenty-two is not impracticable. Indeed, Aetna maintains, it is highly unlikely that an individual who elects not to opt-into the FLSA collective action but fails to opt-out of the Rule 23 class is actually making a conscious decision to participate in the law suit only on the state law claims. *See Muecke v. A–Reliable Auto Parts and Wreckers, Inc.,* No. 01 C 2361, 2002 WL 1359411 (N.D.Ill. June 21, 2002).

The Court finds, however, that the plaintiffs have shown that the class of individuals who may assert state law claims against Aetna is potentially numerous enough to make joinder impracticable. Moreover, especially in light of the evidence that potential class members failed to join the FLSA class action because they feared reprisal, the Court declines to find that every Systems Engineer who desires to participate in this litigation has already joined.

### 2. Commonality of Claims

■ "The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact." *Marisol A.,* 126 F.3d at 376. However, there is no requirement that the claims of all the potential class members share have every issue of law and fact in common. *See Newberg on Class Actions,* § 3.05. "An alleged common course of conduct is sufficient to satisfy the common question requirement of F.R.Civ.P. 23(a)(2)." *Garfinkel,* 695 F.Supp. at 1402. (quotation omitted).

As noted in the Court's finding that the Systems Engineers are "similarly situated," each Rule 23 class member will assert "common claims of law and fact" because each performed the work of a Systems Engineer as defined by Aetna, and each was allegedly underpaid the overtime compensation they were entitled to receive for their services. Thus, the Rule 23 class claims satisfy the commonality requirement.

### 3. Typicality of Claims and Defenses

■ "Typicality ... requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A.,* 126 F.3d at 376 (citation omitted). The typicality requirement limits the class claims to those fairly encompassed by or interrelated with the named plaintiffs' claims. *See Gen. Tel. Co.,* 446 U.S. at 330, 100 S.Ct. 1698. "Minor conflicts, however, do not make a plaintiff's claims atypical; it is when the conflict goes to the very subject matter of the litigation that the conflict will defeat the claim of representative status." *Walsh v. Northrop Grumman Corp.,* 162 F.R.D. 440, 445 (E.D.N.Y.1995).

The claims of the class representatives, Scott, Sura, and Buhagiar, are typical of those of the Rule 23 class members. Again, the representatives and potential class members each performed the work of a Systems Engineer as defined by Aetna, and each was allegedly underpaid the overtime compensation they were entitled to receive for their services.

### 4. Adequate Representation

■ The Court concludes that the named plaintiffs will fairly and adequately protect the interests of the potential class members because (1) class counsel are experienced and competent in class action litigation, employment litigation, and wage-and-hour class litigation in particular, and (2) they have no antagonistic interests to the potential class members in this case.

### 5. Rule 23(b)(3)

■ Finally, Rule 23(b)(3) permits this case to proceed as a class action because, as indicated with regard to the Rule 23(a) requirements, whether Aetna acted improperly in classifying the plaintiffs is the common liability issue that predominates over all other factual and legal issues. As found above, each Rule 23 class member performed the work of a Systems Engineer as defined by Aetna, and each was allegedly underpaid the

overtime compensation he or she was entitled to receive for services.

■ Moreover, the Court concludes that a class action is the superior method for adjudication of the controversy, because (1) class members may fear reprisal and would not be inclined to pursue individual claims; (2) the cost of individual litigation is prohibitive, notwithstanding the high salaries of the Systems Engineers or the sizable potential damages awards; and (3) a class action would eliminate the risk that the question of law common to the class will be decided differently in each lawsuit. Additionally, notwithstanding the argument by the defendants that, as in *Muecke,* class certification is unnecessary as to the Rule 23 claims, the Court finds the plaintiffs have satisfied the Rule 23(b)(3) "superiority" requirement.

Accordingly, the Court concludes that certification of the "Rule 23 class" is appropriate.

## IV. Conclusion

For the foregoing reasons, the plaintiffs' motion to certify the "Rule 23 class" [Doc. # 129] is GRANTED, as modified. The Court hereby certifies a class consisting of the following individuals: "All past and present individuals who worked for Defendant Aetna as Systems Engineers from January, 1996 through January, 1999 who were not paid overtime compensation." The defendant's motion for de-certification of the FLSA collective action and to dismiss the claims of the "opt-in" plaintiffs [Docs.## 146–1, 146–2] is DENIED.