[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 5, 2003
THOMAS K. KAHN
CLERK

_____

No. 03-11774
Non-Argument Calendar

_____

D. C. Docket No. 97-03395-CV-TWT-1

CHRISTOPHER D. PRICKETT,
DONALD A. COX,
et al.,
on behalf of themselves and all
members of the DeKalb County Fire
Department who consent to
representation,
JAMES K. ADAMS,
STIG T. AHLENIUS,
et al.,

Plaintiffs-Appellants,

versus

DEKALB COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 5, 2003)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

The named plaintiffs in this case, employees of the Fire Services Bureau of the DeKalb County Department of Public Safety, filed two claims against DeKalb County for overtime pay pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. The case became a class action when several hundred additional plaintiffs opted to join the named plaintiffs by filing consent forms with the court pursuant to 29 U.S.C. § 216(b). The named plaintiffs then filed a Federal Rules of Civil Procedure Rule 15(d) motion to supplement the complaint to assert a third FLSA claim. The district court granted that motion to supplement but subsequently granted summary judgment to the County as to all three claims. We affirmed the district court's dismissal of the first two claims, but vacated and remanded to the district court for further consideration of the third claim.

On remand, the district court granted the County's motion for summary judgment insofar as the opt-in plaintiffs were concerned on a new ground. The new ground was that the opt-in plaintiffs were not parties to the third claim, because they had not filed a new consent form after the original complaint had been amended to add that claim. The theory behind the grant of summary

2

judgment is that those plaintiffs who opt in under § 216(b) are plaintiffs only as to claims before the court at the time they opted to join the action.

This is the named-plaintiffs' appeal of that grant of summary judgment on behalf of the opt-in plaintiffs. We review a district court's grant of summary judgment de novo, applying the same legal standards used by the district court. See, e.g., Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We "'view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion,'" and "'[a]ll reasonable doubts about the facts [are] resolved in favor of the non-movant.'" Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999) (quoting Clemons v. Dougherty County, 684 F.2d 1365, 1368-69 (11th Cir. 1982)).

FLSA is a remedial statute that "'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" Johnston v. Spacefone Corp., 706 F.2d 1178, 1182 (11th Cir. 1983) (quoting Mitchell v. Lublin, McGaughy & Assocs., 358 U.S. 207, 211, 79 S. Ct. 260, 264 (1959)). It requires employers to pay one and one-half times the employee's regular rate of pay for

hours worked in excess of forty hours per week.  29 U.S.C. § 207(a)(1). Employers who violate these provisions of the FLSA are "liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

An FLSA action for overtime pay can be maintained by "one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  However, prospective plaintiffs under FLSA must expressly consent to join the class, because § 216(b) contains this provision:  "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Id.  Because of this opt-in requirement, FLSA plaintiffs may not certify a class under Rule 23.  Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996).

The district court in this case ruled that § 216(b) requires opt-in plaintiffs to submit new consent forms, i.e., that they opt in again, in order to be considered as plaintiffs in regard to any FLSA claim which was not in the complaint as it stood at the time they originally joined.  The court's thinking was that opt-in plaintiffs do not join the action, but instead join specific claims within the action at the time they consent to become a plaintiff.  This legal conclusion is not supported by the

4

language of the statute, nor is it supported by any holding of this circuit or any other federal appeals court.

We are bound by the intent of Congress, as expressed in the language of the statute. The statute says, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party . . . ." 29 U.S.C. § 216(b) (emphasis added). That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as "party plaintiff[s]" Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.

Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003) (discussing the legislative history of the Portal-to-Portal Act, which amended FLSA to add the class action provision in order to reduce the number of FLSA lawsuits being filed in federal court). That congressional intent would not be advanced by a

5

requirement that new consents to join be submitted by opt-in plaintiffs, who may sometimes number in the hundreds, in order for them to remain as full-fledged plaintiffs. Those who fail to file written re-consents in time would be required to file new actions on their own behalf in order to assert any claims added by amendments to the complaint, and as a result, the number of lawsuits necessary to litigate the same end result would be multiplied. Absent indication that Congress wanted such an inefficient result – and here all the indication is that it did not – we will not adopt a rule that would bring it about.

Moreover, the language of the consent forms that the opt-in plaintiffs signed in this case indicates that they consented to have the named plaintiffs adjudicate all of their claims for overtime compensation under FLSA, not merely the claims then specified in the complaint. The consent form states:

> Consent to representation in action to secure rights under the fair labor standards act. I, [name], am an employee of the Fire Rescue Division of the DeKalb County Department of Public Safety. I hereby consent to have the named Plaintiffs in this case represent my interests in adjudicating my claims for overtime compensation and any other benefits, including liquidated damages, available under the [FLSA]. I agree and understand that said representative shall file this consent in support of my claims and I agree to the adjudication of my interests by said representative in the class action brought by the Plaintiff Representative.

6

The consent given was for the named plaintiffs to represent the interests of the employee in adjudicating all claims that employee had under the FLSA. That consent is broad enough to cover not only the claims then contained in the complaint but also any that might be added to it during the litigation. Added claims no less than initial claims are, in the language of the consent form, "my claims for overtime compensation and any other benefits, including liquidated damages, available under the FLSA."

For these reasons, the district court's order granting summary judgment to the County on the third claim insofar as the opt-in plaintiffs are concerned, because of their failure to file new consents after that claim was added to the complaint, is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.