Matthew JACKSON, Steve Christian, et al., Plaintiffs,

v.

The CITY OF SAN ANTONIO, Defendant.

No. SA–03–CA–49.

United States District Court, W.D. Texas, San Antonio Division.

Dec. 3, 2003.

Rebecca L. Fisher, Rebecca L. Fisher & Associates, McGregor, TX, Mark L. Greenwald, Tinsman, Scott & Sciano, Inc., San Antonio, TX, David L. Kern, Peticolas, Shapleigh, Brandys & Kern, P.L.L.C., El Paso, TX, for Plaintiffs.

Mark Kosanovich, Shawn K. Fitzpatrick, Attorneys at Law, San Antonio, TX, for Defendant.

## ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY CLASS AND GRANTING PLAINTIFFS' MOTION TO FACILITATE NOTICE AND REMANDING STATE CLAIMS

FURGESON, District Judge.

BEFORE THE COURT are Plaintiffs' Amended Motion for Class Certification (Docket Nos. 31, 79) and Defendant's Responses (Docket Nos. 40, 91). Also pending is Plaintiff's Motion to Facilitate Notice under 29 U.S.C. § 216(b) (Docket No. 75). In resolving the issues of class certification, the Court is also mindful of the parties' prior briefs and responsive briefs, as well as arguments and case law presented at a hearing held on October 7, 2003. After careful consideration of the applicable law, it is the opinion of the Court that Plaintiffs' Motion to Facilitate Notice under 29 U.S.C. § 216(b) (Docket No. 75) should be GRANTED and that Plaintiffs' Motion for Class Certification (Docket Nos. 40, 91) should be DENIED, as to Plaintiffs' claims arising under Texas Government Code § 142 and request for class certification under Rule 23.[1] Based upon the Court's determination, and as discussed in detail below, Plaintiffs' state law claims will be remanded to state court.

### Factual and Procedural Background

Plaintiffs are police officers employed by the City of San Antonio ("the City"). They complain, under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA") and Texas Government Code § 142, that the City failed to pay overtime wages for overtime hours worked. Plaintiffs originally filed this claim in state court on December 26, 2002. Defendant removed to the Western District of Texas on January 22, 2003, and the cause was assigned number SA–03–CA–49 ("the Jackson case"). Plaintiffs did not initially file for class certification under this cause number. In fact, six months elapsed between the removal of the Jackson case to federal court and the filing of the motion for class certification. Some time after the Jackson case was filed, additional Plaintiffs filed a separate, but identical action ("the Christian case") which was assigned cause number SA–03–CA–412. Defendant argues that the second Christian case was filed solely for the purpose of extending the time during which class certification might be granted, as time had arguably expired in the initially filed Jackson case.

Defendant filed a Motion for Partial Summary Judgment in the Jackson case, claiming that it was entitled to an exception to overtime under 29 U.S.C. § 207. Then presiding Judge Prado denied the City's motion, basing his opinion in large part upon the application of Texas law to the claim. Relying upon section 14.0015(f) of the Texas Local Government Code and affidavits of several individuals, the Court found that Plaintiffs produced sufficient evidence to raise a genuine issue of material fact about the applicability of the exemption under 29 U.S.C. § 207(k).

In July 2003, the two related cases were consolidated, upon the City's unopposed request. On August 18, the case was transferred to Judge Rodriguez, and reassigned again on August 25 to this Court. Amidst the multiple transfers, Plaintiffs filed the instant motion for class certification and Defendant responded. Pursuant to the opt-in requirements of the FLSA, approximately 190 officers are Plaintiffs in this case.[2] Plaintiffs now seek to form a Rule 23 class in order to proceed with the state cause of action under Texas Local Government Code § 142. The proposed class would comprise all current San Antonio Police Department officers and former officers who served during a four year period from May 21, 1999 until May 21, 2003. Plaintiffs estimate that the number of potential plaintiffs within the proposed Rule 23 class, if certified, for the state law claim would reach 2000 individuals.

On October 7, 2003, the parties appeared before the Court and presented argument on the issue of class certification, under Rule 23 for the state law claims and under section 261(b) for the FLSA claims. Based upon the

---

1. FED. R. CIV. P. 23.

2. Plaintiffs acknowledge that over one hundred officers have opted-in to the FLSA claim, even though the Court had not heretofore granted or authorized notice under section 216(b). Plf's Am. Mot. for Class Cert., at 5.

parties' dispute as to the proper procedural course for cases including both an FLSA claim with an opt-in class scheme and a state claim with a Rule 23 opt-out scheme, the Court ordered the parties to submit supplemental briefing. The Court's Order stayed other discovery motions, pending the resolution of the class certification and instructed the parties that upon receipt of the supplemental briefing, the Court would rule without further oral argument on the motion to certify class. That question is resolved herein. In the interim, however, the parties have filed an avalanche of advisories, additional motions, and general disputes. While dismayed that discord continues to permeate the management of this case, the Court is aware that the matter has survived a novel and protracted beginning and will address any remaining disputes at a hearing to be scheduled and noticed immediately following the entry of this Order. Therefore, the parties are instructed to consider which issues remain pending and which, if any, are moot in light of this Order and to be prepared to present a course of action for discovery at the hearing to be scheduled and noticed under separate Order.

## Discussion

### I.  A Tale of Two Classes

The FLSA permits an aggrieved employee to bring suit against an offending employer "for and in behalf of himself ... and other employees similarly situated." [3] The FLSA representative action differs from the class action highlighted in Federal Rule of Civil Procedure 23 in that, under the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." [4] Thus, FLSA class members must "opt-in" to rather than "opt-out" from the class.[5]

In contrast to this procedure for certification under section 216(b), Rule 23 permits certification of a class of plaintiffs based on several schemes.[6] Plaintiffs request the formation of a class action pursuant to Rule 23(b)(3) because the alleged commonality of the questions raised make the class's formation the superior method of resolving the case. (Plf's Am. M. for Class Cert., at 5). The Fifth Circuit recently stated:

> To obtain class certification, Rule 23(a) requires the plaintiff to show that the class is too numerous to allow simple joinder; there are common questions of law or fact; the claims or defenses of the class representatives are typical of those of the class; and the class representatives will adequately protect the interests of the class. To receive (b)(3) certification, a plaintiff must also show that the common issues predominate, and that class treatment is the superior way of resolving the dispute.[7]

When a plaintiff meets this burden and class treatment is the superior method of resolving the dispute, then a court "shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." [8] The notice produces an opt-out class, in which all individual members of the class are included in the resolution of the case and the resulting judgement, unless the court receives notice of exclusion.[9]

---

3.  29 U.S.C. § 216(b).

4.  *Id.* § 216(b). *La Chapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288–89 (5th Cir.1975) (finding that the Rule 23 class action and the § 216(b) representative action are "mutually exclusive and irreconcilable").

5.  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir.1995) (citing *La Chapelle*, 513 F.2d at 289).

6.  Fed R. Civ. P. 23(b)(1)-(3).

7.  *Sandwich Chef of Texas, Inc. v. Reliance National Indemnity Insurance Co.*, 319 F.3d 205, 218 (5th Cir.2003).

8.  Fed. R. Civ. P. 23(c)(2).

9.  The relevant portion of Rule 23(c)(2) states: "The notice shall advise each member that (A) the court will exclude the member from the class if the member so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel." FED. R. CIV. P. 23(c)(2).

"Rule 23 and § 216(b) class actions are 'mutually exclusive and irreconcilable' and those who choose not to opt-in to an class action under § 216(b) are not bound by and may not benefit from the judgment."[10] This rule clearly states the salient difference between section 216(b) and Rule 23. Where Rule 23 requires an affirmative action on behalf of a prospective plaintiff in order to remove himself from the jurisdiction of the Court on the matter, retain his claim, and be free from the judgment entered, section 216(b) requires an affirmative action from a prospective plaintiff in order to join the Court's jurisdiction over the matter, litigate his claim, and enjoy the judgment entered.

In this case, Plaintiffs seek a Rule 23 opt-out class for all individuals pursuing the state claims under Texas Government Code § 142 and a section 216(b) opt-in class for all individuals pursuing the federal claims under the FLSA. The Court notes that under Plaintiffs' approach, a federal class action procedure rule would apply to the state claims and a federal statute would provide for class creation on the federal claims.

Moreover, Plaintiffs may not rely upon Rule 23's opt-out class structure to cover both the FLSA claim and the state claim and proceed with both claims and one class. "It is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits."[11] Rarely is a rule stated with such clarity. Therefore, Plaintiffs must proceed, if they are to proceed with both claims in class action form, under section 216(b) for the FLSA claim and under Rule 23(b)(3) for the state claim.

## II. The Pendent Plaintiff's Progress

■ Defendant objects to the formation of a Rule 23 class and a concurrent section 216(b) class. The City argues that the Court will lack personal jurisdiction over any individuals who are class members of the Rule 23 state claim class but who have failed to opt-in affirmatively to the FLSA claim. The City urges that supplemental jurisdiction does not cover these individuals, or in the alternative, that if the Court finds supplemental jurisdiction to so extend then jurisdiction should be declined under 28 U.S.C. § 1367(c).

In 1966, the U.S. Supreme Court addressed the issue of supplemental jurisdiction in *United Mine Workers of America v. Gibbs*.[12] In *Gibbs*, the plaintiff sued under section 303 of the Labor–Management Relations Act and asserted pendent claims against the same defendant for conspiracy to interfere with contracts under Tennessee law.[13] The Supreme Court addressed whether the district court exceeded its jurisdiction by entering judgment on a pendent state law claim when the federal question providing the basis for that state claim was no longer present.[14] The Supreme Court affirmed the district court's judgment, stating "[p]endent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority...,' U.S. Const. Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"[15] Thus emerged the familiar rule that for pendent jurisdiction to apply, "the state and federal claims must derive from a common nucleus of operative fact."[16]

In *Finley v. United States*,[17] the Supreme Court held that pendent party jurisdiction did not provide federal jurisdiction over claims against a defendant over whom the district court lacked original jurisdiction, the

10. *Hall v. Burk*, 2002 WL 413901, at *2, 2002 U.S. Dist. LEXIS 4163, at *5 (N.D.Tex. Mar. 12, 2002) (citing *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288–89 (5th Cir.1975)).

11. *La Chapelle*, 513 F.2d at 288 (referring to 29 U.S.C. § 216(b) as "§ 16(b)").

12. 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

13. *Id.* at 720, 86 S.Ct. 1130.

14. *Id.*

15. *Id.* at 725, 86 S.Ct. 1130.

16. *Id.*

17. 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

pendent defendant.[18] In response to *Finley*, Congress amended and broadened 28 U.S.C. § 1367 in 1990 to authorize the exercise of supplemental jurisdiction over non-federal claims.[19] Section 1367 provides for supplemental jurisdiction over "claims that involve the joinder or intervention of additional parties."[20] The amended, and current, section 1367 codifies portions of *Gibbs* and permits a district court to "exercise supplemental jurisdiction where state-law claims share a 'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction."[21] The Court finds that the instant FLSA and state law claims share a common nucleus of operative fact and that the state law claims arise from the same controversy, the payment of overtime hours, as does the FLSA claim. The Court also finds that federal subject matter jurisdiction covers the FLSA claims, and that therefore, the Court may exercise supplemental jurisdiction over the state claims grounded in the Texas Local Government Code, despite the fact that at one time prior to the 1990 amendment to section 1367, the additional plaintiffs claiming only under state law would have been termed pendent plaintiffs and would not likely have been properly before the Court. The current wording of section 1367 provides for this court's supplemental jurisdiction over "additional parties" without reference to whether those parties are plaintiffs or defendants.[22]

Section 1367 provides exceptions, though, to supplemental jurisdiction,[23] and a district court may decline to exercise supplement jurisdiction, subject to section 1367(c).[24] The exceptions do not apply to the FLSA.[25] Thus, only subsections (c)(1), (c)(2) and (c)(4) remain as possible grounds for this Court to decline supplemental jurisdiction over the state law claim. In examining these grounds, the Court balances both its " responsibility to manage complex litigation,"[26] requiring it to "determine whether to exercise supplemental jurisdiction over pendent claims and parties"[27] and its discretion in evaluating whether an exercise of supplemental jurisdiction "furthers 'the values of economy, convenience, fairness, and comity.' "[28]

The Court finds that there are compelling reasons for declining jurisdiction in this case,[29] but does not find that the FLSA's bar to a Rule 23 class prohibits the joint adjudication of a related claim organized under a Rule 23 class. Although one Circuit noted that declining jurisdiction on this ground under subsection (c)(4) should be the exception rather than the rule,[30] the Court finds the instant case to merit the exception. At best, the propriety of the Court's jurisdiction over the pendent plaintiffs who did not opt-out of the state claim but failed to opt-in to the FLSA claim is murky, given disparate treatment of the issue throughout the federal

**18.** *Id.* at 549, 109 S.Ct. 2003.

**19.** 28 U.S.C. § 1367.

**20.** 28 U.S.C. § 1367(a).

**21.** *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 307–08 (3d Cir.2003) (citing *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130; 28 U.S.C. § 1367(a); *Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practices Litig.)*, 148 F.3d 283, 303 (3d Cir.1998)).

**22.** 28 U.S.C. § 1367(a).

**23.** *See id.; De Asencio*, 342 F.3d at 308 (noting that Congress did not provide for preemption of state-law claims with the FLSA).

**24.** "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

**25.** *De Asencio*, 342 F.3d at 308, n. 10.

**26.** *Id.* at 308.

**27.** *Id.*

**28.** *Roark v. Humana, Inc.*, 307 F.3d 298, 313 (5th Cir.2002) (quoting *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

**29.** *See* 28 U.S.C. § 1367(c)(4).

**30.** *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1557–60 (9th Cir.1994).

courts. In addition, the simultaneous management of the two "irreconcilable" procedures for class formation is unwieldy, would detract from the efficient resolution of the substantive dispute and, most importantly, is frowned upon by the Fifth Circuit.[31]

In *De Asencio v. Tyson Foods*,[32] the Third Circuit held that the district court had abused its discretion in exercising jurisdiction over such pendent plaintiffs in a combined FLSA and state claim action. The Third Circuit dealt with a remarkably similar case. There, as here, plaintiffs claimed for unpaid overtime hours under both the FLSA and the related state provision.[33] *De Asencio* and this case also share the unusual timing of the request for class certification under Rule 23 for the state claim. The delay was far greater in *De Asencio*, where the district court had already completed the process of the section 216(b) opt-in when the motion for class certification under Rule 23 was finally filed.[34] In reversing the district court's decision to exercise supplemental jurisdiction, the Third Circuit relied upon section 1367(c)'s provision for state claim predomination,[35] explaining that the issues to be proved differed between the state and federal claims and that the Pennsylvania state court had never addressed an essential issue to the state claim.[36]

The instant cause and *De Asencio* also share a delicate balance. In both cases, the courts must weigh the competing interests of Congress' express preference for opt-in actions for the FLSA claims with a strong interest in joining two claims that are grounded in a common nucleus of operative fact.[37] Plaintiffs note that other district courts have struck in the balance in favor of unifying the claims.[38] Plaintiffs urge the Court to decline to follow the lead of the Third Circuit, and argue that the novelty and complexity of the state law claim in *De Asencio* is not found here.

The Court agrees that the Texas state claims here do not present the same challenges as did the Pennsylvania state claims in *De Asencio*. Defendant however correctly notes that here, too, the predominance inquiry relevant to section 1367(c)(2) may favor remand of the state claims. Plaintiffs estimate that the number of individuals included as plaintiffs will increase from 190 to over 2000 under the Rule 23 scheme. The heft of the claims before the Court, then, would dramatically favor the state law claim, assuming that not all of thousands of Rule 23 plaintiffs would opt-in to the FLSA claim. This reality would flaunt the Congressional intention that FLSA claims proceed as an opt-in scheme.[39] The Court finds that this fact alone favors remand of the state claims.[40]

31. *See La Chapelle*, 513 F.2d at 288–89.

32. *De Asencio*, 342 F.3d at 301.

33. *Id.*

34. *Id.* at 304–05.

35. *See* 28 U.S.C. § 1367(c)(2).

36. *De Asencio*, 342 F.3d at 309–10.

37. *See id.* at 310.

38. *Bartleson v. Winnebago Industries, Inc.*, 2003 WL 22427817, 2003 U.S. Dist. LEXIS 19058 (N.D.Iowa Oct. 24, 2003) (Plaintiffs did not brief this case, as it was decided after the filing of their supplemental briefing, but the Court notes that it fits their argument and will therefore cite it accordingly); *Belbis v. Cook County*, 2002 WL 31600048, 2002 U.S. Dist. LEXIS 22426 (N.D.Ill. Nov. 13, 2002); *Scott v. Aetna Services, Inc.*, 210 F.R.D. 261 (D.Conn.2002); *Ansoumana v. Gris-*

*tede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001); *Kelly v. SBC, Inc.*, 1998 WL 928302, 1998 U.S. Dist. LEXIS 18643, 5 Wage & Hour Cas.2d (BNA) 16 (N.D.Cal. Nov.13, 1998)

39. *De Asencio*, 342 F.3d at 310.

40. In determining that the state law claims would predominate, the Court has considered the recent Eleventh Circuit opinion in *Prickett v. DeKalb County*, 349 F.3d 1294 (11th Cir.2003). "The [district] court's thinking was that opt-in plaintiffs do not join the action, but instead join specific claims within the action at the time they consent to become a plaintiff. This legal conclusion is not supported by the language of the statute, nor is it supported by any holding of this circuit or any other federal appeals court." *Id.* at 1297. Therefore, an opt-in plaintiff to the federal claim, opts in to the action as whole, including both the federal and state claims. This rule does not address the instant decision to remand a state claim when to retain the claim would cause state law claims to predominate the proceedings.

The Court disagrees, as stated above, with Plaintiffs' assertion that the instant case and *De Asencio* differ in terms of unique procedural history. While the *De Asencio* opinion is technically distinguishable, and other district courts have found that two classes may jointly pursue state and federal overtime claims in the same federal forum, the *De Asencio* opinion parallels the instant controversy on important points, as discussed above. Further, this Court is in the best position to determine that, in this particular case, a remand of the state claims will most economically and fairly resolve the issues.

The procedural history of this case weighs in favor of remand as the superior means to economy, convenience, fairness, and comity.[41] Originally, there were two lawsuits, the Jackson case and Christian case, that were divided not by issue of substantive law or jurisdiction but rather arbitrarily by individual plaintiff. The consolidation of those two cases ensured that all individuals with similar claims were joined together. To split the cause now, based upon the substance of the law giving rise to the claim, furthers the interests of justice and economy by ensuring that both claims proceed cleanly and in a precise fashion. In light of the complexity of this litigation,[42] the continued clashing of parties throughout discovery requiring close and constant court management, and the delay in filing for class certification in violation of local rules, the Court finds that economy, convenience and fairness all weigh in favor of remand of the state claims. The state court will then be in a position to determine the propriety of a class action.

Finally, Plaintiffs argue that Fifth Circuit authority cautions against severing the two claims. In *In re: Abbott Laboratories,* the Court of Appeals addressed a class action brought under Louisiana antitrust laws and held that the Judicial Improvements Act of 1990 overruled *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).[43] The U.S. Supreme Court affirmed, by virtue of an equally divided bench, the Fifth Circuit's opinion in *Abbott.*[44] The district court below found that it enjoyed diversity jurisdiction over the claims of the class representatives and that supplemental jurisdiction covered all other members of the class, but declined to exercise that supplemental jurisdiction on the grounds that "novel issues of state law" were presented.[45] The Fifth Circuit found error in the abstention from exercise of supplemental jurisdiction, despite an abuse of discretion standard on review.[46]

The Court agrees with Defendant that Plaintiffs have overstated the instruction that *Abbott* provides to the instant analysis. First, the district court in *Abbott* relinquished jurisdiction over all the plaintiffs' claims by ordering remand.[47] Here, the Court will retain jurisdiction over the claim with federal question jurisdiction under 28 U.S.C. § 1331 and sever and remand the state claim. More importantly, *Abbott* concerned the exercise of supplemental jurisdiction, and abstention therefrom, over class action diversity claims, presented before the court under section 1367(b) and wherein some class members could not individually satisfy the elements of diversity jurisdiction.[48] *Zahn,* the case addressed by the *Abbott* appeal also addressed a Rule 23 class action based upon diversity jurisdiction. The Fifth Circuit's opinion in *Abbott* does not sufficiently address the instant matter to outweigh this Court's best attempt, after substantial briefing and review, to fairly, eco-

---

41. *See Carnegie–Mellon,* 484 U.S. at 351, 108 S.Ct. 614; *Chicago v. International College of Surgeons,* 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).

42. *See Crocker v. Borden, Inc.,* 852 F.Supp. 1322, 1329–31 (E.D.La.1994) (declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4) due to complexity of asbestos-related litigation).

43. 51 F.3d 524, 525 (5th Cir.1995).

44. 529 U.S. 333, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000).

45. *Id.* at 529–30.

46. *Id.* at 530.

47. *Id.* at 525.

48. *Id.*

nomically and prudently manage the disputes before it.

### III. Class Expectations

■ The Court will grant conditional class status under section 216(b) for the FLSA claim. It is within a district court's discretion to allow a party asserting FLSA claims on behalf of others to notify potential class members that they may choose to "opt-in" to the suit.[49] Although the Fifth Circuit has specifically declined to adopt a specific approach in resolving the "similarly situated" inquiry under § 216(b), it has found no abuse of discretion where a district court employed the prevailing federal standard.[50] This test, originating from *Lusardi v. Xerox Corp.*,[51] consists of two considerations.

■ First, the district court must weigh whether the evidence presented by the plaintiff sufficiently demonstrates the existence of a "similarly situated" class of employees.[52] At this stage, the district court uses a "fairly lenient standard" to determine whether similarly situated persons exist, relying on information garnered from the pleadings, affidavits, or the "substantial allegations" of the plaintiff.[53] If the district court determines that certification is appropriate, then it may in its discretion "conditionally" certify the class and allow notice to the putative class members as well as the opportunity to participate in the lawsuit.[54]

At the second stage, usually at the completion of discovery and upon the defendant's motion, the district court reexamines the class to ensure that it is indeed composed of similarly situated members.[55] If the district court determines, in light of the developed record, that the class members are no longer similarly situated, then it may decertify the class and dismiss the opt-in plaintiffs without prejudice.[56] The original plaintiffs, or class representatives, proceed to trial on their individual claims.[57]

Here, Plaintiffs have demonstrated that the individual officers are similarly situated in terms of job requirements and pay provisions. Moreover, Defendant has not disputed this contention. Instead, Defendant argues that this case is not appropriate for notice.[58] Defendant argues that in order to support notice, individual potential plaintiffs should be identified and that a plaintiff must present more than assertions of widespread violations.[59] Plaintiff has done so; in fact approximately 190 plaintiffs have done so. This case is a class action type of case. These claims will proceed most efficiently if managed as a class, precisely because the plaintiffs are similarly situated. The Court finds that based upon the pleadings and the arguments that a large number of potential plaintiff City of San Antonio police officers are similarly situated with respect to these claims, their job requirements and pay provisions. Therefore, the Court will order that notice be provided under section 216(b) of the FLSA as detailed below and finds that to do so will not kindle unwarranted litigation [60]

49. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

50. *Mooney*, 54 F.3d at 1212.

51. 118 F.R.D. 351 (D.N.J.1987).

52. *Mooney*, 54 F.3d at 1213–14.

53. *Id.* at 1214 & n. 8 (citation omitted); *see also Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D.Fla.1994) (citation omitted) (affirming that to establish that employees are similarly situated, a plaintiff must show that the employees are " 'similarly situated' with respect to their job requirements and with regard to their pay provisions").

54. *Id.* at 1214.

55. *Id.*

56. *Id.*

57. *Id.*

58. Defendant cites *Hall*, 2002 WL 413901, at *2, 2002 U.S. Dist. LEXIS 4163, at *5 ("The relevant inquiry then is not whether the Court has discretion to facilitate notice, but whether this is an appropriate case in which to exercise discretion.").

59. *See Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983); *Garner, Karn v. G.D. Searle Pharmaceuticals & Co.*, 802 F.Supp. 418, 422 (M.D.Ala.1991).

60. *See Hall*, 2002 WL 413901, 2002 U.S. Dist. LEXIS 4163.

but will rather provide the most expeditious path to resolution of the matter.

Because the Court has come mid-stream to a case that has not traveled a straight path, the procedure for conditionally certifying a class under section 216(b) will provide helpful guidance to the parties and the Court in this instance. At the second stage of the *Lusardi* analysis, Defendant will have an opportunity to move for decertification of the class after discovery.[61]

As to the individuals pursuing the state claim, Defendant requests that the Court retain jurisdiction over the currently named Plaintiffs and decline to exercise jurisdiction over the as-yet-unnamed individuals. Plaintiffs, of course, request that the named individuals be incorporated into the greater Rule 23 class. The Court declines both proposals and instead severs the state claim from the federal claim and remands the state claim.

Federal Rule of Civil Procedure 42(b) grants district courts discretion to sever claims when such action will further convenience, economy or prevent prejudice.[62] The Court finds that convenience and economy both warrant the severance of the federal claim from the state claim herein. Based upon that severance, the state claims will be remanded. The FLSA claim will proceed before this Court under section 216(b). The state claim will proceed before a state tribunal that will be in the best position to address issues of Texas law and to determine whether a class action is the superior means to proceed.

The Court has considered the possibility of duplicate claims in severing and remanding the state claims, but this concern may be guarded against and managed with the aid of counsel. All parties, the Court and the state court to which the state claims are remanded will be on guard to monitor the parallel proceedings. Assuming that Plaintiffs were

to win on both the federal and the state claims, this Court assumes that a federal judgment would likely be entered prior to a state judgment, and that in such an event, any federal recovery could be credited against the state court claims. In sum, the parties and the Courts can jointly continue to manage the controversy to ensure a just and efficient outcome.

Finally, Plaintiffs provide a proposed notice and consent form,[63] and Defendant has not specifically objected to the contents of that form. The Court notes that the proposed consent form bears the incorrect caption and cause number, but aside from this oversight finds no apparent problem with the proposed format. The parties will be ordered to meet and confer upon the notice and consent form and submit their joint proposal to the Court prior to distribution to potential plaintiffs.

**Conclusion**

Based upon the foregoing, the Court will decline to exercise supplemental jurisdiction over the state law claims and the possible Plaintiffs who would be included into the Rule 23 class on the state claims and would fail to opt-in to the section 216(b) class under the FLSA.

Instead, the Court will conditionally certify the section 216(b) class, order notice to those potential plaintiffs, and remand the state claims to state court.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Facilitate Notice (Docket No. 75) is GRANTED. The parties shall meet and confer upon the contents of the notice and consent form and provide a joint proposed notice and consent form to the Court on or before December 22, 2003. Upon filing of the joint notice and consent form, potential plaintiffs shall have until

61. *Mooney,* 54 F.3d at 1214.

62. FED. R. CIV. P. 42(b) provides: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counter claim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, third-party claims, or issues, always preserving inviolate the

right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." *See also Applewhite v. Reichhold Chemicals, Inc.,* 67 F.3d 571, 574 (5th Cir.1995).

63. Plfs' Mot. to Facilitate Notice (Docket No. 75), Ex. 1.

March 5, 2004 to file their notice and consent with the Court and to thereby join the case.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Class Certification (Docket Nos. 31, 79) is DENIED in so much as it requests a Rule 23 class.

IT IS FINALLY ORDERED that Plaintiffs' claims arising under Texas Government Code § 142 be REMANDED to the state court from whence they came. The clerk is hereby ordered to effect the remand.