Robert G. WALSH, George A. Graefe and George Demarest, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

NORTHROP GRUMMAN CORPORATION, Grumman Corporation, Renso Caporali, Howard J. Dunn, Jr., Robert Denien and Robert E. Foster, Defendants.

No. 94–CV–5105 (TCP).

United States District Court, E.D. New York.

Aug. 1, 1995.

Pomerantz Haudek Block & Grossman by Steven P. Hoffman, New York City (D. Brian Hufford, Karl J. Stoecker, of counsel), for plaintiffs.

Gibson, Dunn & Crutcher by John A. Herfort, New York City (Edward T. Ferguson, III and Marshall R. King, of counsel), for defendants Northrop Grumman Corp., Grumman Corp. and Renso Caporali.

Whitman Breed Abbott & Morgan by Eric M. Nelson, New York City, for defendants Dunn, Denien and Foster.

### MEMORANDUM AND ORDER

PLATT, District Judge.

Before the Court is plaintiffs' motion for class certification. At oral argument on April 7, 1995 we granted plaintiffs' motion to file a second amended complaint and their motion *in limine* but reserved decision on plaintiffs' motion for class certification. Plaintiffs seek to certify a class of defendants' former employees who were injured as a result of the loss of benefits and/or their jobs following the merger between the two

companies. Defendants oppose certification on the grounds that plaintiffs' claims fail to meet the requirements of Federal Rule of Civil Procedure 23(a) and (b)(2). For the reasons stated herein, this case is certified as a class action.

## BACKGROUND

This case arises from the merger between the Grumman Corporation and Northrop Corporation, now Northrop–Grumman Corporation, and the resulting reductions in workforce and changes to the employee benefits plans. Familiarity with the underlying facts is presumed. *See Walsh v. Northrop–Grumman Corp.*, 871 F.Supp. 1567 (E.D.N.Y.1994) (Platt, Ch. J.).

Plaintiffs commenced this case by order to show cause seeking a preliminary injunction. In addition they sought to stay a December 8, 1994 deadline imposed by defendants by which plaintiffs were required to retire under the terms of a disputed employee Severance Pay Plan ("SPP") or remain in their jobs and face possible termination in 1995. This Court denied the preliminary injunction; not, however, without first finding that plaintiffs had a likelihood of success on the merits of their claims, but holding that plaintiffs had not established the irreparable harm necessary to obtain emergency injunctive relief. *Walsh*, 871 F.Supp. at 1571. At the same time, we denied defendants' motion to dismiss the complaint and plaintiffs' summary judgment motions without prejudice to renew.

In the second amended complaint plaintiffs allege that defendants violated the Employee Retirement Income Security Act of 1974 29 U.S.C. § 1001, *et seq.* ("ERISA") and various federal securities laws including Sections 10(b) and 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78n(a) and 78n(e), and Rules 10b–5 and 14a–9 promulgated thereunder. (Second Am.Compl. at ¶ 9).[1] Plaintiffs first allege that defendants violated their fiduciary duties under ERISA as Trustees of the Grumman Employee Investment Plan ("EIP") by failing to under-take an intensive and scrupulous investigation on behalf of the EIP participants of the effects of a the merger on the EIP. Moreover, plaintiffs allege that defendants failed to avoid conflicts of interest, disseminate accurate information to the employee shareholders and to avoid and correct any misstatements of fact with regard to the EIP. Second, plaintiffs' seek to estop defendants from enforcing an amended version of the SPP on the grounds that defendants amended the SPP in violation of ERISA. Lastly, plaintiffs claim that defendants made materially false and misleading statements, upon which plaintiffs relied, in the Grumman Solicitation/Recommendation Statements and 1993 Proxy Statement.

## DISCUSSION

■ Plaintiffs seek to certify a class of "all persons who at the time of the tender offer for Grumman's shares by the Northrop Corporation ("Northrop") were employed by Grumman, owned Company stock either directly or beneficially as participants in the Grumman Employee Investment Plan ("EIP" ...) and were injured as a result of defendants' breaches of their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA" ... ) or their violations of the federal securities laws." (Second Am.Compl. at ¶ 1). As a general rule, "a class representative must be part of the class and possess the same interest and suffer the same injury as class members" to be certified under Rule 23 of the Federal Rules of Civil Procedure. *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982) (quoting *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (citations omitted)). Rule 23(a) provides, in relevant, part:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the

---

**1.** Citations to "(Second Am.Compl. at ¶ __)" refer to the Second Amended and Supplemental Class Action Complaint.

claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class; . . .

Fed.R.Civ.P. 23(a). In addition, the action may be certified as a class action if any one of the three requirements of Rule 23(b) are met. Here, plaintiff maintains that the instant action meets all four prerequisites of paragraph (a) and the second requirement of paragraph (b) in that defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Fed.R.Civ.P. 23(b)(2). Defendants strenuously oppose certification. They argue that plaintiffs claims do not meet the requirements of Rule 23(a)(3) and (4) or b(2).

■ Defendants' arguments are not entirely without merit, but it appears that these arguments are intended to confuse the issues raised in the complaint rather than to pursue the efficient disposition of this litigation. It is well settled that Rule 23 is to be construed liberally in order to best serve the ends of justice and to promote judicial economy. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 563 (2d Cir.1968); *Cruz v. Robert Abbey, Inc.*, 778 F.Supp. 605, 612 (E.D.N.Y.1991) (quoting, *Sharif v. New York State Education Dep't*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989)). A district court should be satisfied at the outset of the case that certification is appropriate, but the court also has the ability to modify its decision by dismissing the class or creating subclasses. Fed.R.Civ.P. 23(c)(4); *Falcon*, 457 U.S. at 156, 102 S.Ct. at 2369–70; *Ashe v. Board of Elections*, 124 F.R.D. 45, 47 (E.D.N.Y.1989). At this juncture, this Court is satisfied that plaintiffs have proposed a certifiable class.

### (a) Rule 23(a)

(1) *Common Issues of Law and Fact, Rule 23(a)(2)* [2]

■ Plaintiffs contend that there are issues of fact and law common to the class

members, particularly with regard to the issues arising from defendants' conduct, making certification appropriate. These issues include, but are not limited to, whether or not the fiduciary defendants breached their obligations of loyalty and due care under ERISA with regard to the EIP and its participants and whether or not Northrop knowingly participated in the breach and whether or not the 1993 Proxy Statement and the Solicitation Statements contained misstatements or omitted material facts in violation of Sections 10(b) and 14(e) of the Securities Exchange Act. In addition, plaintiffs claim that a common issue of law and fact is whether or not the class is entitled to equitable relief.

■ It is well established that the commonality requirement Rule 23(a)(2) is given permissive application. 7A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1763 Supp. at 12. Indeed, "commonality" is a misnomer; the Rule does not require that all issues of fact or law be common. *Ashe*, 124 F.R.D. at 47 (quoting *Weiss v. York Hospital*, 745 F.2d 786, 809 (3rd Cir.1984)); 7A WRIGHT, MILLER & KANE, § 1763 at 196–98. In this case, as demonstrated by the allegations in the second amended complaint, common issues of fact exist as to defendants' acts or omissions in tendering the Grumman shares held by the EIP, amending the SPP, and preparing and submitting to the Securities Exchange Commission and/or distributing to plaintiffs the Solicitation/Recommendation letters and/or 1993 Proxy Statement. Moreover, issues of law such as defendants' duties and obligations as Trustees under ERISA as well as the materiality and falsity of the alleged misstatements in the SEC documents are issues common to the class members. *See, Kamean v. Local 363, International Brotherhood of Teamsters*, 109 F.R.D. 391, 395 (S.D.N.Y.1986) (issues regarding employer's

---

**2.** Defendants do not challenge directly plaintiffs' compliance with Rule 23(a)(1) ("numerosity") and (2) ("commonality"). On the other had, this Court is compelled to review the issue of whether or not there are common issues of fact and law because the commonality requirement inherently

overlaps with the third and fourth requirements of Rule 23(a). *Falcon*, 457 U.S. at 147–50, 102 S.Ct. at 2365–66; *Green v. Wolf Corp*, 406 F.2d at 299; *Ashe*, 124 F.R.D. at 49; *Dura–Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y.1981).

calculation of wages and benefits, and pension plan trustees' alleged breach of their fiduciary obligations were common to class); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 114 F.R.D. 48, 52 (S.D.N.Y.1987) (common issues were defendant's alleged duty to disclose and the materiality of the alleged omission); *Dura–Bilt,* 89 F.R.D. at 93 (common issues in securities action were existence, materiality and character of the alleged misrepresentations and omissions). Accordingly, this Court is satisfied that the named-plaintiffs' and the class members claims share common issues of fact and law as required by Rule 23(a)(2).

#### (2) *Typicality, Rule 23(a)(3)*

■ Plaintiffs argue that the named plaintiffs' claims are typical of the claims of the proposed class. "A plaintiff's claim meets the typicality requirement if it arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Dura–Bilt,* 89 F.R.D. at 99; *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992) *cert. dismissed,* —— U.S. ——, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993). In practice, the typicality requirement is said to limit the class claims to those fairly encompassed by or interrelated with the named plaintiffs' claims. *General Telephone,* 446 U.S. at 330, 100 S.Ct. at 1706; *Ashe,* 124 F.R.D. at 49 (quoting *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13). Minor conflicts, however, do not make a plaintiff's claims atypical; it is when the conflict goes to the very subject matter of the litigation that the conflict will defeat the claim of representative status. *Gordon v. Hunt,* 98 F.R.D. 573, 577 (S.D.N.Y.1983) (quoting *Kuck v. Berkey Photo, Inc.,* 81 F.R.D. 736, 740 (S.D.N.Y 1979)).

Defendants insist that the named plaintiffs' claims are not typical. While defendants do not dispute that the class members' claims arise from the same acts and course of events, they argue that certification must fail because the class members make dissimilar legal arguments. *See In re Drexel Burnham,* 960 F.2d at 291. For instance, defendants argue that class members have atypical ERISA claims because certain members claim to have been coerced into retiring and others chose to remain on the job. They also seem to argue that because many employees who held stock through the EIP benefitted financially from the merger they may not state the same injury as those who may not have made as much money. Lastly, defendants argue that the named plaintiffs' securities claims are not typical of the class where they would be unable to allege that they relied upon the allegedly false and misleading SEC documents.

■ Plaintiffs claims under ERISA are based upon defendants' alleged breach of fiduciary duty as ERISA trustees and/or their involvement in the pre-merger decisions. It is undisputed that the named plaintiffs and many of the class members made money on the sale of their Grumman stock, (although there have been no allegations that these sums equal the amount of money, the so-called "golden parachutes," made by the Trustees and corporate defendants as a result of the merger). Nevertheless, these supposed differences between the plaintiffs' ERISA claims relate to the issue of damages, which is not dispositive in a Rule 23 inquiry. *Dura–Bilt,* 89 F.R.D. at 99.

■ Furthermore, the differences in plaintiffs' employment status, that is whether or not they chose to retire or stay on the job and face termination, are a direct result of the merger which depended on the Trustee defendants' decisions to tender the Grumman shares held in the EIP. *See Dura–Bilt Corp.,* 89 F.R.D. at 99 ("The proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.") Plaintiffs basically argue that if defendants have not breached their fiduciary duties under ERISA plaintiffs would not have had to choose between staying or retiring and thus, would not be in the positions, different or not, that they are in today.

We agree. Plaintiffs' ERISA claims stem from the same events and the same legal theory, namely the breach of a fiduciary

duty. Moreover, it was the deadline imposed by defendants that effectively divided class members into different employment statuses and characterized their claims. *Cf., Safran v. United Steelworkers of America, AFL–CIO,* 132 F.R.D. 397, 403 (W.D.Pa1989) (plaintiffs' claims were not typical of class which included younger members where ability to state discrimination claim depended upon length of employment with company). The effects of defendants own actions do not, in this case, make the members' ERISA claims atypical.

Second, plaintiffs contend that their securities claims are typical of the class. Defendants argue that the named plaintiffs' claims fail to meet the typicality requirement because they are unable to allege that they relied upon the allegedly false and misleading SEC documents. Proof of reliance is indeed important. On a 10b(5) claim,

> "[i]n order to prevail at trial, whether on behalf of himself or as a class, plaintiff must demonstrate that: (1) defendants made a material misstatement or omitted to state a material fact in connection with the purchase and sale of securities; (2) defendants acted with the requisite scienter; (3) plaintiff relied on such statements or omissions; and (4) plaintiff suffered damage as a result."

*Fisher v. Plessey Company Limited,* 103 F.R.D. 150, 155 (S.D.N.Y.1984) (finding that common issues predominated and that plaintiffs' claims were typical of class). On the other hand "courts determining whether common questions predominate [for purposes of Rule 23(a)(3) ] 'focus on the liability issue as opposed to individual questions such as reliance and damages.' " *Id.,* 103 F.R.D. at 157.

Plaintiffs claim that defendants made false and misleading statements, which they relied upon, in the Solicitation Statement which was distributed to all Grumman shareholders of record and in the 1993 Proxy Statement which was distributed to both shareholders who held Grumman stock through the EIP and who held stock directly. These statements included the representation that, without exception, Grumman's Severance Pay Plan would continue in the event that plain-

tiffs were terminated during the 30 months following a change of control of Grumman Corporation. Plaintiffs further claim that the same statements were repeated in both documents. Moreover, according to the second amended complaint, Grumman employees learned of the misrepresentations on the same day, on or following September 1, 1994 when they were told that the SPP would be discontinued a the end of 1994. It was after that point that plaintiffs were forced to take different courses of action with respect to their employment.

■ Upon these facts, this Court will not scrutinize the issue of individual reliance. Moreover, "existence of the reliance element is presumed without positive proof where, as here, the alleged violation consists of withholding material information." *Fisher,* 103 F.R.D. at 156. Defendants argue, in part, that plaintiffs may not assert reliance because the misstatements were not material. On a motion for class certification, however, an inquiry into the merits of the complaint's allegations that the alleged misrepresentations and omissions were material would be improper. *Dura–Bilt,* 89 F.R.D. at 94; *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). Moreover, as the Court stated in *Fisher,* "the standard for resolving the materiality issue is obviously objective and general rather than subjective and individual. For purposes of this inquiry, materiality presents an issue common to all members of the proposed class." 103 F.R.D. at 155; *Dura–Bilt,* 89 F.R.D. at 98.

■ Defendants also argue that certain facts rebut a presumption of reliance because the named plaintiffs did not read the documents alleged to contain the misstatements and omissions. Plaintiffs assert that plaintiff Walsh did read the documents and relied upon the false descriptions of the severance policy. Clearly, the reliance issue is, and will most likely remain, a hotly contested issue in this litigation. On the other hand, upon this motion it would be improper for this Court to make any final determinations with regard to individual reliance. The Court has the option of ordering separate hearings on that particular issue, as on the question of dam-

ages, if such hearings become necessary. *Dura–Bilt,* 89 F.R.D. at 98.

### (3) *Adequacy of Representation; Rule 23(a)(4)*

██ Defendants argue that certification is also improper because the named plaintiffs will not fairly and adequately represent the interests of the class as required under Rule 23(a)(4). To determine the adequacy issue the Court should find that there is (1) an absence of a potential conflict between the named plaintiffs and the absent class members and (2) that the party's attorney is qualified, experienced and generally able to conduct the proposed litigation. *Dura–Bilt,* 89 F.R.D. at 101; *Eisen,* 391 F.2d at 562. Defendants challenge the former guideline only.

██ Defendants first argue that because the named plaintiffs do not allege that they were injured with respect to benefits other than severance pay, they do not adequately represent class members who have been injured by the loss of other benefits. Defendants argument is not persuasive, primarily because the loss of any benefits would have arisen from the same activities which resulted in the loss of severance pay, activities which plaintiffs will attempt to prove violated ERISA and the federal securities laws. *See Dura–Bilt,* 89 F.R.D. at 99 ("The proper inquiry is whether the members of the class have the same or *similar* injury, ... and whether other class members have been injured by the same course of conduct.") (emphasis added). Thus, given that the threshold issues will be the same, it is nothing but speculation that plaintiffs' interests conflict with the interests of the class in this respect.

██ Second, defendants argue that potential conflicts exist between the named plaintiffs and some members of the class. For instance, they contend that the named plaintiffs will be subject to unique defenses. As discussed, *supra,* many of these issues, including the reliance issue, remain hotly contested and would require the Court to engage in an analysis of the merits of the various claims. Such an inquiry on a motion for class certification would be improper. *Ashe,* 124 F.R.D. at 50.

Defendants also argue that the differences in the remedies the plaintiffs seek, reinstatement for those who have retired and damages for those who retired, and/or remained on the job, creates conflicts between the plaintiffs and members of the class. These conflicts will be exacerbated by Northrop–Grumman's plans to decrease the workforce on Long Island. Plaintiffs contend that they have the same interests as the class members who were injured by defendants violation of their ERISA fiduciary duties and the federal securities laws.

In a similar case, *Robertson v. National Basketball Ass'n,* 389 F.Supp. 867 (S.D.N.Y. 1975) the Court rejected defendant's arguments that conflicts existed between active professional basketball players who sought injunctive relief and past players who sought damages from the N.B.A. The Court found, among other things, "that all players, past and present, seek damages for the same acts." 389 F.Supp. at 899. The Court also rejected defendant's arguments that the past players were disinterested in the health of the N.B.A. while active players were concerned about a financially secure league. *Id.* at 898. First, at the time of the class certification motion there was no evidence of the past-present antagonism. *Id.* at 898–99. Similarly, defendants here have not submitted evidence that there is any antagonism between present and past Grumman employees. Therefore, as the *Robertson* Court noted, here too the supposed conflict is speculative and without foundation. *See also, Safran v. United Steelworkers of America,* 132 F.R.D. 397, 404 (W.D.Pa.1989) (rejecting as speculative defendant's argument that where there were a limited amount of jobs, reinstatement of some plaintiffs would cause conflict between them and those who also sought reinstatement).

Clearly, it was the December 8, 1994 deadline imposed by defendants, by which plaintiffs had to choose whether or not to retire or stay on the job, that created the differences between plaintiffs, and in turn, directed the type of remedy they would seek in challenging the alleged ERISA and securities laws violations. We note that as in *Robertson,* where plaintiffs correctly pointed out that

there were no "past players in the class when the suit was originally commenced," 389 F.Supp. at 898, that there are no plaintiffs here who were past employees of Grumman prior to the commencement of this suit on November 3, 1994.

Therefore, we find that plaintiffs class may be certified under Rule 23(a). "Obviously the decision that the requirements of Rules 23(a)(3) and (4) for class action determination are met here is not embedded in stone." *Robertson*, 389 F.Supp. at 899. This Court's decision may be modified at a later time. At this juncture, however, this Court is satisfied that this case may be maintained as a class action under Rule 23(a).

### (b) Rule 23(b)(2)

 In addition to meeting the requirements of Rule 23(a), plaintiffs contend that class certification is appropriate because "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Plaintiffs seek to enjoin defendants to restore to their pre-merger positions with back-pay, former Grumman employees who voluntarily terminated their employment with Grumman under the Reduction in Force ("RIF") program and those who have since been terminated by Northrop Grumman as part if its reductions in force. Further, plaintiffs seek to require defendants to rehire them to full time positions with Grumman's pre-merger SPP benefits, or to provide plaintiffs with the two months pay provided in the SPP. Secondly, plaintiffs seek restitution of lost benefits and attorneys and experts' fees and expenses. Defendants contend that plaintiffs' claims are predominately for money damages and, thus, the class may not be certified under Rule 23(b)(2).

In denying plaintiffs' motion for a preliminary injunction, this Court held that plaintiffs had not established irreparable harm because they had failed to show that money damages could not make them whole. *Walsh*, 871 F.Supp. at 1572. Now defendants attempt to twist the Court's holding in order to characterize plaintiffs' case as one primarily for money damages where the fundamental purpose of plaintiffs' case is to restore to the plaintiffs their positions the benefits to which they were entitled as pre-merger Grumman employees. This case is unlike those in which money damages are the exclusive or predominate relief requested. *See e.g., Robertson*, 389 F.Supp. at 900 (plaintiffs sought treble damages); *Eisen*, 391 F.2d at 564 (finding the plaintiff's primary claim is for damages). At this juncture, there is no reason why final injunctive relief and/or declaratory relief may not be appropriate in this case and accordingly, this Court finds that the proposed class, as a whole, may be properly certified under Rule 23 in the terms and form requested by the plaintiffs (See p. 4, *supra*); i.e.:

> [A]ll persons who at the time of the tender offer for Grumman's shares by the Northrop Corporation ("Northrop") were employed by Grumman, owned Company stock either directly or beneficially as participants in the Grumman Employee Investment Plan ("EIP" ... ) and were injured as a result of defendants' breaches of their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA" ...) or their violations of the federal securities laws.

### CONCLUSION

At this juncture, plaintiffs have established to the satisfaction of the Court that their claims are typical of the members of the proposed class, and that they will adequately represent the class in this action pursuant to Rule 23(a). Furthermore, because plaintiffs seek predominately injunctive and declaratory relief, class action certification under Rule 23(b) is appropriate. Accordingly, plaintiffs' motion for class certification is hereby granted.

SO ORDERED.