S.A. THOMAS and E.L. Gipson Plaintiff,

v.

Leroy BACA, Michael Antonovich, Yvonne Burke, Deane Dana, Don Knabe, Gloria Molina, Zev Yaroslavsky, Defendants.

No. CV04–08448 DDP (SHX).

United States District Court, C.D. California.

May 17, 2005.

Stephen Yagman, Marion R. Yagman, Joseph Reichmann, Yagman & Yagman & Reichmann, Venice Beach, CA, for plaintiff.

David D. Lawrence, Paul B. Beach, Michael D. Allen, Franscell, Strickland, Roberts & Lawrence, Glendale, CA for defendant Baca, Louis R. Miller, Andrew Baum, Christensen, Miller, Fink, Jacobs, Glaser & Shapiro LLP, Los Angeles, CA for defendants Antonovich, Burke, Dana, Knabe, Molina, and Yaroslavsky.

## ORDER (1) GRANTING MOTION FOR CLASS CERTIFICATION AND (2) GRANTING MOTION FOR AN ORDER TO PERMIT IDENTIFICATION OF CLASS MEMBERS

PREGERSON, District Judge.

This matter is before the Court on the plaintiffs' motion for class certification and for an order to permit the identification of class members. After reviewing the papers submitted by the parties and hearing oral argument, the Court grants the motions.

### I. Background

The plaintiffs in this case, S.A. Thomas and E.L. Gipson, allege that they were detained by the Los Angeles Sheriff's Department ("LASD") during May, June, and July 2004. (First Amended Complaint ("FAC") ¶¶ 15–20.) Both plaintiffs allege that they were required to sleep on the floor in their cells during their detentions. (FAC ¶¶ 19–20.) Further, Thomas alleges that he was over-detained for two days following his ordered release date. (FAC ¶ 17.) The plaintiffs bring claims for violations of their Fourth and Fourteenth Amendment rights. (FAC ¶ 25.) The plaintiffs here move for certification of two classes of LASD detainees who have suffered identical injuries. They also move for an order permitting the identification of class members. Because a class of LASD over-detainees already exists, *see Berry v. Baca,* CV 01–02069 DDP, Order Granting Plaintiff's Motion for Class Certification, May 2, 2005, that part of this motion is moot. The Court now considers the remaining issues presented by the motion, i.e. whether certification of a "floor sleepers" class is warranted, and, if so, whether an order should issue to permit the identification of members of such a class.

## II. Discussion

### A. Standard for Certification Under Rule 23

Rule 23 of the Federal Rules of Civil Procedure outlines a two-step process for determining whether class certification is appropriate. First, Rule 23(a) sets forth four conjunctive prerequisites that must be met for any class:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a); *see also Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992). These four requirements are often referred to as numerosity, commonality, typicality, and adequacy. *See General Tel. Co. v. Falcon,* 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *and In re Adobe Sys., Inc. Sec. Litig.,* 139 F.R.D. 150, 153 (N.D.Cal. 1991).

Second, assuming the requirements of subdivision (a) are satisfied, the party seeking class certification must also demonstrate that the action falls within one of the three kinds of actions permitted under Rule 23(b). *See* Fed.R.Civ.P. 23(b); *see also In re Adobe Sys.,* 139 F.R.D. at 153. Specifically, the plaintiffs must demonstrate their claim is proper under Rule 23(b)(1), (b)(2), or (b)(3).

An action is proper under Rule 23(b)(1) when there is either "a risk of prejudice from separate actions establishing incompatible standards of conduct" or the judgment in an individual lawsuit might adversely impact other class members. Schwarzer et al., *Federal Civil Procedure Before Trial,* ¶ 10:385 at 10–62–63 (1999), This particular type of class action does not permit the recovery of damages. *See Alpert v. U.S. Industries, Inc.,* 59 F.R.D. 491, 499 (C.D.Cal.1973).

An action is proper under Rule 23(b)(2) if the defendant "has acted (or refused to act) in a manner applicable to the class generally, thereby making injunctive or declaratory relief appropriate with respect to the class as a whole." Schwarzer, *supra,* at 10–63. Rule 23(b)(2) actions are common where injunctive or declaratory relief is the primary relief sought on behalf of the class. *See id.* ¶¶ 10:399–400 at 10–66. Recovery of damages is generally not available in a Rule 23(b)(2) class action.

Finally, an action is proper under Rule 23(b)(3) if "questions of law or fact common to the class 'predominate' over questions affecting the individual members," and the court determines that a class action is "superior to other methods available for adjudicating the controversy." *Id.* (discussing additional requirements of predominancy and superiority in Rule 23(b)(3) action). Recovery of damages is available under Rule 23(b)(3). If a class is certified under Rule 23(b)(3), all absent class members must be notified of the action and informed of their right to "opt-out" of the litigation. *See id.* ¶ 10:386.

In evaluating a motion for class certification, "[t]he court is bound to take the substantive allegations of the complaint as true." *In re Unioil Sec. Litig.,* 107 F.R.D. 615, 618 (C.D.Cal.1985) (internal quotations omitted). Moreover, "[i]n determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (*quoting Miller v. Mackey International,* 452 F.2d 424, 427 (5th Cir. 1971)). Nonetheless, the plaintiffs bear the burden of establishing each of the required elements for class certification. *See id.* at 617 (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prods. Liab. Litig.,* 693 F.2d 847, 854 (9th Cir.1982)).

### B. Rule 23(a) Requirements

#### 1. Numerosity

The plaintiffs must first demonstrate that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. Rule 23(a)(1). While there is no precise threshold, courts have found that the numerosity requirement "has been satisfied when

the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y.1998). Classes with relatively small membership are regularly certified. *See e.g., Jordan v. Los Angeles*, 669 F.2d 1311, 1319 (9th Cir.1982) (thirty-nine class members), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982).

Here, the plaintiffs have presented evidence that from 25 to more than 500 LASD detainees sleep on the floor of the Los Angeles County central jail each night. (Clark Dep. 19:5–20:24.) Joinder of all these individuals is clearly impracticable. The defendants do not dispute this. Rather, they make a number of arguments, addressed *infra*, relating to the merits of the action. For instance, they claim that the "floor-sleepers" do not sleep directly on the floor, but that they are given mattresses and other bedding. They also claim that the plaintiffs do not state a § 1983 claim. These arguments do not refute the estimates provided by the defendants' Rule 30(b) designee. They attack the merits of the action, and, as such, are not relevant to the consideration of numerosity. *See Eisen*, 417 U.S. at 178, 94 S.Ct. 2140. The Court finds that the numerosity requirement is satisfied.

### 2. *Commonality*

■ Second, the plaintiffs must demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ. p. 23(a)(2). In applying the commonality requirement, the Ninth Circuit has noted that slight differences among the class members will not prevent certification. *See Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir.1975). Commonality is satisfied if a plaintiff's grievances share a common question of law or fact. *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997) (*per curiam*). The claims of all proposed class members need not be identical, as an alleged common course of conduct is sufficient to satisfy the commonality requirement. *Garfinkel v. Memory Metals, Inc.*, 695 F.Supp. 1397, 1402 (D.Conn. 1988). Specifically, courts have found that a single common issue of law or fact is suffi-

cient to satisfy the commonality requirement. *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 655 (C.D.Cal.2000).

■ Here, the plaintiffs argue that "the common question of fact is whether defendant impermissibly forces plaintiffs and class members to sleep on the jail's floors, and the common legal question is whether defendant's conduct was wrongful." (Mot. at 10.) The defendants respond that "a myriad of incident-specific factors" cause LASD detainees to sleep on the jail floors. (Opp. at 13–14.) The defendants appear to argue that the reasonableness of the sleeping arrangement depends on the constraints faced by LASD on any given night, and therefore individualized determinations are required to ascertain who has suffered a constitutional violation. Again, this goes to the merits of the plaintiffs' claims, namely whether there exists a municipal policy or custom of forcing detainees to sleep on jail floors, and whether this policy or custom violates the detainees constitutional rights. It does not address the commonality element. Because the plaintiffs' allegations that they were required to sleep on the jail floors present a question of fact common to all putative class members, and because all class members share the legal claim that the alleged injury amounts to a deprivation of their federally-protected rights by a LASD policy or custom, the Court finds that the commonality element is met.

### 3. *Typicality*

■ Rule 23(a) also requires the plaintiffs to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R.Civ.P. 23(a)(3). As one district court explained:

A plaintiff's claim meets [the typicality] requirement if it arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. The test generally is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have

been injured by the same course of conduct.

*In re Quarterdeck Office Sys., Inc. Sec. Litig.*, 1993 WL 623310 at *4 (C.D.Cal.) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D.Cal.1985)). Minor conflicts do not make a plaintiff's claim atypical. *Walsh v. Northrop Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y.1995). Where an action challenges a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries are shown to result from the practice. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157–59, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

■ The plaintiffs argue that this element "is satisfied because all claims of plaintiffs and of absentees are precisely the same." (Mot. at 11.) The defendants respond that the plaintiffs have failed to show that this is true, and that the necessity for individualized determinations render this requirement unmet.

The Court disagrees. The alleged injuries and claims of all putative class members are identical. The named plaintiffs' claims arise from the same course of conduct that gives rise to claims of the unnamed class members, namely LASD's requirement that individuals in its custody sleep on the floors of its facilities. The named plaintiffs' claims are based on the same legal theory that would be advanced were the unnamed class members to bring individual actions, namely that being required to sleep on the floor violates their constitutional rights, and that LASD is liable for such injury under *Monell.* Accordingly, the Court finds the typicality element satisfied.

### 4. *Adequacy*

Next, the plaintiffs must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). "Parties are generally considered to be adequate representatives of absent class members if there are no conflicts of interest between the representatives and class members and if the Court is persuaded that counsel for the representatives will vigorously pursue the action." *Burkhal-*

*ter Travel Agency v. MacFarms Int'l, Inc.*, 141 F.R.D. 144, 153 (N.D.Cal.1991) (citing *General Tel.*, 457 U.S. at 156, 102 S.Ct. 2364).

The Court finds that the adequacy prong is satisfied. First, the interests of the plaintiffs coincide with the interests of the putative class members because, as explained above, all share a common alleged injury, and there do not exist conflicts of interest between the named plaintiffs and the unnamed class members. Second, the Court finds that counsel for the plaintiff is qualified to litigate this action. Attorney Stephen Yagman is known for his experience in litigating civil rights actions and class actions. The defendants point out that Mr. Yagman has been disciplined in the previous cases based on various ethical problems. (*See* Exs. C–G in Beach Decl.) Nevertheless, the Court finds that Mr. Yagman would fairly and adequately represent the interests of the class.

### C. *Type of Class Action*

In addition to satisfying the requirements of Rule 23(a), the plaintiffs must also qualify for one of the three types of class actions described in Rule 23(b). A class action is proper under Rule 23(b)(1) if "[t]here is a risk of prejudice from separate actions establishing incompatible standards of conduct," or if "[j]udgments in individual lawsuits would adversely affect the rights of other members of the class." Schwarzer et al., *Federal Civil Procedure Before Trial,* ¶ 10:385 at 10–63 (1999).

A class action is proper under Rule 23(b)(2) if "[t]he party opposing the class has acted (or refused to act) in a manner applicable to the class generally, thereby making injunctive or declaratory relief appropriate with respect to the class as a whole." *Id.* Rule 23(b)(2) actions are common where injunctive or declaratory relief is the primary relief sought on behalf of the class. *See id.* ¶¶ 10:399–400 at 10–66.

Finally, certification is appropriate under Rule 23(b)(3) if "[t]he questions of law or fact common to the class 'predominate' over questions affecting the individual members and, on balance, a class action is superior to other methods available for adjudicating the con-

troversy." *Id.* ¶ 10:385 at 10–63. If a class is certified under Rule 23(b)(3), all absent class members must be notified of the action and informed of their right to "opt-out" of the litigation. *See id.* ¶ 10:386.

Although it is not entirely clear from their motions, the plaintiffs appear to move for certification under all three Rule 23(b) categories. The plaintiffs discuss the requirements for all the Rule 23(b) categories, but then argue for certification under Rules 23(b)(1) and (3). (*See* Mot. at 12.) At the very least, it is clear that they seek certification for a damages class under Rule 23(b)(3) and for an injunctive relief class under either Rule 23(b)(1) or Rule 23(b)(2).

### 1. *Certification of a Damages Class*

■ Certification of a damages class is permitted if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). A court should consider the following factors:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id.*

The plaintiffs contend that the common questions of law or fact clearly predominate over any individual issues. The defendants reply that individualized determinations of causation and damages predominate. However, these types of issues do not concern Rule 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). This inquiry is more searching than the Rule 23(a)(2) "commonality" inquiry. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1022 (9th Cir.1998). However, the determination rests not on whether individualized damages determinations will be necessary but on "legal or factual questions that qualify each class member's case as a genuine controversy." *Amchem,* 521 U.S. at 623, 117 S.Ct. 2231.

Thus, this requirement is essentially a heightened commonality inquiry: do the common legal and factual questions appear more significant than the individualized legal and factual questions? The Court finds that the answer is yes. The central issue to a claim brought by any potential class member is whether the fact that LASD allegedly required him to sleep on the jail floor permits him to recover under § 1983. All the class members share this legal question. They also share the fact that they have been allegedly required to sleep on the floor. The individualized questions of law and fact are peripheral. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Wright, Miller & Kane, 7AA *Federal Practice and Procedure,* § 1778. Such is the case here. Accordingly, the Court finds that the predominance requirement is met.

In determining the superiority element of Rule 23(b)(3), a Court should consider the four factors listed therein, as well as the possibility of a superior alternative to class adjudication.

First, the court should consider the interests of class members in controlling their individual prosecutions. Here, despite the defendants' concern for the putative class members' due process rights, the Court finds that the injuries and claims of the putative class members are virtually identical, and that therefore, their interests in controlling their individual prosecutions are low. Further, it appears to the Court that the potential recovery for any one member's action would be low relative to the cost of prosecut-

ing the action, such that it would discourage bringing of the claim.

Next, the defendant has not made the Court aware of any currently active pending suits such that the certification of this class would interfere with the interests of other plaintiffs. (It is not clear that *Rutherford v. Pritchess,* discussed *infra,* involves any active plaintiffs.)

The third listed Rule 23(b)(3) factor, the desirability of concentrating similar actions in a single forum favors certification in this case. Any related actions likely would arise in the Central District and would be consolidated before a single judge.

Next, the Court finds that the difficulties likely to be encountered in the management of this class are not significant and, in any case, would be less than the judicial resources that would be expended in adjudicating individual "floor-sleeper" actions against LASD.

Finally, the Court finds that a class action is superior to any available alternative.

Accordingly, the Court is inclined to certify this as a damages class action under Rule 23(b)(3).

### 2. *Certification of an Injunction Class*

As noted above, the plaintiffs are not clear regarding which Rule 23(b) category they seek certification under. However, it does appear that they seek not only damages, but also injunctive relief. Accordingly, the Court reviews the plaintiffs' arguments under the standard set out in Rule 23(b)(2), as this is the more commonly used class action category for injunctive suits.

Rule 23(b)(2) permits certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class." Such is the case here. Taking the plaintiffs' allegations as true, the defendants have required all putative class members to sleep on LASD jail floors. Thus, the defendants have acted on grounds generally applicable to the class. Accordingly, the Court certifies this action as an injunction class action under Rule 23(b)(2).

The defendants argue that certification as an injunction class is improper because the plaintiffs are no longer LASD detainees and therefore lack standing to seek injunctive relief. (Opp. at 8–9.) However, the proposed class includes not only past "floor-sleepers" but also present and future ones as well. Clearly, these class members have standing to pursue injunctive relief. *See Payton v. County of Kane,* 308 F.3d 673 (7th Cir.2002) (once class is certified, standing requirements must be assessed with reference to class as a whole, not simply with reference to named plaintiffs); *Lynch v. Dawson,* 820 F.2d 1014 (9th Cir.1987) (lack of injury to named plaintiffs not fatal to class action seeking injunctive relief). Otherwise, given the ephemeral nature of the floor-sleeping injury, these grievances might never come before a court.

Moreover, the Court notes that standing is a plaintiff-centered inquiry, not a relief-centered one. Plaintiffs either have standing to bring a claim or they do not. Here, it is undisputed that the named plaintiffs have standing to seek damages in this action; i.e. that they have alleged an injury-in-fact ("floor-sleeping") caused by the defendants' actions and for which this Court may provide relief in the form of damages, should they prevail on their claims. *See Assoc. of Data Processing Service Organizations v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Thus, the named plaintiffs have standing to bring this action, and the claims stated therein present a genuine Article III "case or controversy," namely whether LASD's actions have injured (and is injuring) those detainees required to sleep on the floors of LASD facilities. The defendants have cited no authority for the proposition that a plaintiff who has standing to bring a claim can lack standing to obtain a particular form of relief.

Finally, the plaintiffs' counsel has submitted a third amended complaint adding the name of a plaintiff currently in LASD custody and who allegedly is required to sleep on the floor at the present time. Accordingly, the Court does not find the defendants' standing argument persuasive.

#### D. *Class Definition*

The defendants raised the issue of class definition, and the Court notes that the plaintiffs' counsel proposed at oral argument an expanded definition that would include not only "floor sleepers" but also anyone who "resides" on the floor during the day. This expanded definition is not the one emphasized by the plaintiffs in their prior pleadings. (*See* Second Amended Complaint ¶¶ 18–23.) It is important that the definition of the class be precise and not subject to "definition creep" during the course of this action. Also, the Court notes that the issue of "floor residing" may more properly be addressed in a separate action. Therefore, the Court defines the class as follows: the class consists of individuals who, while in LASD custody, were required to sleep on the floor of a LASD facility with or without bedding. The Court refers to such individuals as "floor-sleepers."

#### E. *Identification of Class Members*

The plaintiffs also move this Court to order LASD "to make and maintain records" detailing the identity and contact information of any LASD detainees who were required to sleep on the jail floors. The defendants object that such an order would involve the improper judicial administration of the jails by this Court. (Defs' Objections to Plfs' Req. for Prel. Injunctive Relief Order.) The Court disagrees. It would not be directing the administration of the jails in any significant way, but would simply require that the defendants facilitate the plaintiffs' access to important class information that is in the defendants' control. Therefore, the Court orders the defendants to maintain records that identify by full name and booking number each person who was required to sleep on a floor, with or without bedding. The record for each person shall also include the date, time, and location for each such occurrence.

#### F. *Additional Arguments Raised by Defendants*

As noted above, the defendants raise numerous other issues in their papers. First, the counsel representing the defendants in their individual capacities, Andrew Baum, argues that the plaintiffs' counsel failed to meet and confer prior to the filing of this motion as required by Local Rule 7. (Ex. A to Beach Decl.) The Court is not persuaded that this fact, if true, should serve as a basis to deny the motion. It does not appear that any informal resolution of this motion is possible: the plaintiffs clearly seek Rule 23 certification and the defendants clearly oppose such an action. Moreover, the Court already vacated an earlier motion for class certification based on the fact that the plaintiffs failed to serve both defense counsel. Even after proper service was effected, Mr. Baum has decided not to submit an opposition to this motion. The Court does not find that any benefit would result from vacating this motion again and ordering the parties' attorneys to meet and confer.

Next, the defendants make evidentiary objections regarding a newspaper article that apparently was not served and the Clark deposition. (Beach Decl. ¶¶ 2–3.) The objections are noted and overruled.

The defendants also argue that the motion is fatally defective because the plaintiffs' allegations fail to state a civil rights violation. (Opp. at 6–7.) As already noted, this argument goes to the merits of the claim, not to certification. The defendants may well prevail in this action on the merits. The Court does not know. However, this is not a proper consideration for the Court in considering this motion. *See Eisen*, 417 U.S. at 178, 94 S.Ct. 2140.

Finally, the defendants argue that certification is improper because there is an ongoing federal court action, *Rutherford v. Pritchess*, CV 75–04111, that addresses the floor-sleeping issues. (Opp. at 10–11; Defs' Req. for Judicial Notice.) It is not clear to the Court from the parties' briefing what is the status of *Rutherford* and how exactly the three decade old consent decree relates to the present action. In any case, this issue goes not to certification, but rather to the propriety of the entire action. Following certification the defendants may bring a motion to dismiss based on this argument. The Court thus would have the benefit of the parties' full briefing.

## III. Conclusion

For the foregoing reasons, the Court grants the motion for certification and certifies this as a class action under Rules 23(b)(2) and 23(b)(3). The Court also grants the motion for an order to permit identification of class members.

IT IS SO ORDERED.